# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| ) | |
| Carol Ann Wahlie ) | Case No. 11-3157 |
| ) | |
| Debtor(s) ) | (Related Case: 10-31680) |
| ) | |
| Carol Ann Wahlie ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| States Resources Corp. ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Plaintiff, Carol Ann Wahlie, to deem admitted certain requests for admission pursuant to Bankruptcy Rule 7036. (Doc. No. 30). The Defendant, States Resources Corporation, filed an objection to this Motion. (Doc. No. 32). With their pleadings, each of the Parties submitted arguments in support of their respective positions on this matter which the Court has now had the opportunity to review. Based upon this review, and for the reasons set forth herein, the Court finds that the Plaintiff's Motion should be Denied.

## BACKGROUND

The Plaintiff is before this Court, having filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. After filing for bankruptcy relief, the Plaintiff commenced

**Carol Ann Wahlie v. State Resources Corp.**
Case No. 11-3157

this adversary proceeding, alleging a violation of the automatic stay of 11 U.S.C. § 362(a) by the Defendant. Shortly after commencing this adversary proceeding, the Plaintiff served on the Defendant certain requests for discovery, including a request for admission. (Doc. No. 18).

At a PreTrial held on the Plaintiff's Complaint, the Court established a deadline for the completion of all discovery. (Doc. No. 21). Within the deadline set by the Court, the Defendant served upon the Plaintiff responses to the Plaintiff's requests for admission. (Doc. No. 30, Ex. A). Against many of the questions asked by the Plaintiff, the Defendant responded with just this one word: "DENY." Pursuant to the Motion now before the Court, the Plaintiff, asserting that this type of response is deficient, asks that those requests for admission, where the Defendant only answered with the word "DENY," be deemed admitted pursuant to Bankruptcy Rule 7036.

## DISCUSSION

Before this Court is the Motion of the Plaintiff to deem admitted certain requests for admission pursuant to Bankruptcy Rule 7036. (Doc. No. 30). Because the action underlying this matter, alleging a violation of the automatic stay, is a core proceeding, this matter is a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 157.

Federal Rule of Procedure 36, made applicable to this proceeding by Bankruptcy Rule 7036, permits a party to request the admission of matters which are otherwise discoverable. For its scope, the Rule provides:

> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

Page 2

Carol Ann Wahlie v. State Resources Corp.
Case No. 11-3157

> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Based upon these parameter, a party properly served with a request for admission must comply with two requirements, one temporal and one as to form.

First, the party served with a request for admission must respond to the request within 30 days, unless a different time period is stipulated to or ordered by the court. FED.R.CIV.P. 36(a)(3). Second, the Rule requires that the response be in the form of "a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* If these requirements are not met, the matter sought to be admitted is deemed to be admitted. *Id.*

In this matter, the Plaintiff does not dispute that the Defendant served upon her written answers to all of her requests for admission within the time frame established by the Court, thereby complying with the temporal and form requirements of Rule 36. Notwithstanding, the Plaintiff takes the position that many of the answers filed by the Defendant are substantively deficient, and thus should be deemed admitted on that basis.

For her position, the Plaintiff relies on paragraph (a)(4) of Rule 36 which sets forth that, where a matter sought to be admitted is denied, it must be specifically denied. According to the Plaintiff, the Defendant's utilization of the single word "DENY" does not satisfy this standard, thereby requiring the admission of those matters where this response was given.

Federal Rule of Civil Procedure 36(a)(4) provides:

> If a matter is not admitted, the answer must *specifically deny it* or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith

Page 3

> requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(emphasis added).

As set forth in the first sentence of Rule 36(a)(4), a party served with a request for admission who does not admit to a matter contained therein has two options: (1) specifically deny the matter; or (2) set forth in detail why a response is not possible. At issue in this matter is the first option and, whether under that option, the use of the single word "DENY" qualifies as a sufficient answer. It is the Plaintiff's position in this regard that by only using the word "DENY" the Defendant's answer must be regarded as a general denial and not a specific denial as required by Rule 36(a)(4). A close examination of Rule 36(a)(4), however, shows that the Plaintiff has misconstrued the Rule's language.

Contrary to the reading advocated by the Plaintiff, Rule 36(a)(4) makes no distinction between a general denial and a specific denial. Instead, Rule 36(a)(4) only requires that if "a matter is not admitted, the answer must specifically deny it . . . . " The word "specifically," as used here, however, does not mean that details need to be afforded. The context of Rule 36 shows why this is the case.

Under Rule 36, a party may serve upon the opposing party a request for the admission for "the truth of any *matters* within the Scope of Rule 26(b)(1) . . . ." FED.R.CIV.P. 36(a)(1) (emphasis added). By this provision's use of the plural – "matters" – a party making a request for admission is, thus, permitted to seek from the opposing party an admission on multiple matters. Placed, then, within this context, the requirement of Rule 36(a)(4), that a party "specifically deny" an answer,

Page 4

simply recognizes that a party must individually address each of the matters for which an admission is sought. In other words, it would be improper under Rule 36(a)(4) for a party to respond to multiple requests for admission by simply making a blanket assertion that he denies each and every matter. On the other hand, specificity as to the basis for the denial of each matter is not required.

The Plaintiff's reading of Rule 36, so as to require more than a one word answer, also goes against a fundamental principle that a statute or rule should be interpreted to avoid surplusage. *See, e.g., HomeSource Real Estate Asset Services, Inc. v. U.S.*, 94 Fed.Cl. 466, 483 Fed.Cl. 2010). In the second sentence of Rule 36(a)(4), it is provided: "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." By this requirement, therefore, Rule 36(a)(4) only requires that a party responding to a request for admission provide detail where needed, thus contemplating that, in certain instances (but not necessarily all), a simple one word denial may not be sufficient.

This requirement of Rule 36(a)(4), however, would not be necessary if, as the Plaintiff asserts, the preceding sentence of the provision, setting forth that a party must *specifically deny* a matter not otherwise admitted, already supposed that a detailed answer must be provided in all instances. Reading Rule 36, so as to permit the use of only the word "DENY" in replying to matters for which an admission is requested, also does nothing to frustrate the purpose of the Rule.

The purpose of Rule 36 is simply to facilitate and expedite the litigation process by identifying those issues which are not contested, thereby narrowing those matters which eventually need to be presented at trial. *T. Rowe Price Small–Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y.1997). Rule 36, thus, was never meant to be a discovery device to obtain detailed information. To the contrary, a party needing more detailed information has other tools at their disposable. For example, a party may serve upon any other party a written request for interrogatories,

Carol Ann Wahlie v. State Resources Corp.
Case No. 11-3157

with the Rules permitting a party in this instance to offer questions concerning "any matter that may be *inquired* into under Rule 26(b)." FED.R.CIV.P. 33(a)(2) (emphasis added).

It is also cannot be overlooked that, as with other discovery requests, a request for admission under Rule 36 is subject to Bankruptcy Rule 9011 which permits a court to sanction a party for improper conduct. Consequently, if a party fails to provide a detailed response under Rule 36 where one is needed, sanctions may be imposed. In this case, however, the Plaintiff did not make any allegations that the Defendant's single word response of "DENY" to many of its requests for admission should be subject to sanctions under Rule 9011.

In conclusion, it is the holding of this Court that, so long as it otherwise complies with the applicable rules, the use of the word "DENY," in a response to a matter for which an admission is requested, is not deficient for purposes of Rule 36 of the Federal Rules of Civil Procedure. Although its reasoning was not addressed detail, this was the result reached in *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958 (3rd Cir.1988). In this case, the Third Circuit Court of Appeals addressed the scope of both a request for admission and a response thereto, stating:

> The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word "denied" is often sufficient under the rule. Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification. A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege. Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.

*Id.* at 967-68 (internal citations and quotations omitted).

Page 6

Carol Ann Wahlie v. State Resources Corp.
Case No. 11-3157

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff, Carol Ann Wahlie, to deem admitted certain requests for admission pursuant to Bankruptcy Rule 7036, be, and is hereby, DENIED.

Dated: December 23, 2011

Richard L. Speer
United States
Bankruptcy Judge

Page 7

# CERTIFICATE OF SERVICE

Copies were mailed this  23rd  day of December 2011 to:

**States Resources Corp.**
4848 S 131st St
Omaha, NE 68137

**Philomena S Ashdown**
150 E 4th Street
Federal Reserve Bldg
Cincinnati, OH 45202-4018

**William P Coley, II**
Strauss & Troy
150 East Fourth Street
The Federal Reserve Building
Cincinnati, OH 45202

**Carol Ann Wahlie**
70 Ravines Ct
Lima, OH 45805

**Randy Lee Reeves**
973 W North St
Lima, OH 45805

/s/ Diana Hernandez

Deputy Clerk, U.S. Bankruptcy Court